# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

Robert Lesnau
_____
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 15-30237

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☑ clear and convincing evidence  ☐ a preponderance of the evidence  that

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

7/15/15
_____
Date

_[signature]_
_____
Signature of Judge

MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Robert Lesnau Order of Detention

This is a presumption case as the Defendant is facing 10 years to life. Defendant is charged by way of criminal complaint with Online Enticement. He is 34 years old, recently married eight months ago, and a lifetime resident of the Detroit Metropolitan area. He is employed in his father's printing business called Lesnau Printing in Sterling Heights. Defendant has no criminal record, no health issues, and no substance abuse issues. His wife is pregnant and indicated that if Defendant is released on bond that she will not be living in the marital home with him.

Defendant is charged with attempting to hire a prostitute to bring her six year old daughter to motel so that he could engage in sex with both of them in return for his payment of $200. When Defendant initially reached out to the prostitute in December 2014 she showed interest in engaging in sex with him for money until he suggested that she bring her six year old daughter along to participate in the encounter, asking if she had sex toys, that he wanted to watch her daughter use a vibrator on her, and telling her that he was "for real". She then told him her daughter was only six years old, told him to lose her number, and hung up. She then called the authorities, and the FBI became involved.

On May 19, 2015 the same prostitute, now acting as a Confidential Informant, again contacted Defendant by phone while he was at work, and told him that she was in desperate financial difficulty, that she had thought about his proposal, and that she would do it for the money. Defendant voiced concern about being detected by law enforcement, asked her to send a picture of herself topless and a picture of her six year old daughter, to prove they were real. The CI sent a picture of her daughter's face and a picture of herself nude from the waist up on 5/19/2015.

On May 20, 2015, Defendant woke up and called the CI asking for any other family members that she could bring because he felt uncomfortable about involving a six year old child in a sexual encounter. Then he questioned the CI about what would occur: would her daughter lick her and would she lick her daughter? Had her daughter ever touched a man's penis? Did she want him to have intercourse with her daughter? Had the daughter ever had sex? The phone call was recorded.

Again on May 20, 2015, Defendant talked to the CI by telephone a second time. He told her he wanted to watch her and her daughter play around together, and then asked the CI if she had sex toys. The CI said she had a vibrator and Defendant said he wanted to watch the daughter use the vibrator on the CI. Defendant then asked the CI to text him the room number of the Red Roof Inn motel on Crooks Road in Rochester, Michigan where they were going to meet later that day at 4:30 p.m. Defendant confirmed that both the CI and her daughter would be present, that Defendant would pay the CI $150 for a date with both her and her daughter, and he was directed by the CI to come to Room 201 at 4:30 pm that day.

Under surveillance the Defendant was observed driving to a PNC bank ATM at 4:00 p.m. on May 20, 2015, and then he drove directly to the Red Roof Inn on Crooks Road. He arrived at 4:18 p.m., got out of his car, and approached Room 201. He knocked on the door, and when law enforcement opened the door and attempted to arrest Defendant, he screamed, and attempted to flee. He was quickly apprehended with $150 in his pocket.

The Government has proffered the communications between the Defendant and the CI; Google voice records from Defendant's cell phone produced pursuant to a search warrant served; data produced pursuant to a search warrant for Defendant's cell phone records; and text messages between Defendant and the CI. The Government summarized some of the above information which has been reviewed and which will be admitted into evidence. By way of example, in February 2015 Defendant asked the CI if she was kinky, of she had pets or kids, indicating he'd pay double for her daughter.

The Google voice records search warrant return shows 74,500 lines (1000 + pages) of texts directed at 50 – 100 people between May 2013 and May 2015. In these texts Defendant always uses the alias "Jason" and the texts are between Defendant and people who advertise on Craig's List for sex. All of the texts contain sexual content, and the most often repeated themes refer to bestiality and incest between adults and children. Specifically Defendant in a text message to an adult woman indicates that he would like to have sex with her in front of her 15 year old daughter, and states that "incest turns me on". In June 2014 he texted a mother of a 7 year old boy and offered to pay her $100 if she gave Defendant oral sex with the 7 year old boy watching. Defendant then directed this mother to sexually molest her 7 year old son and take and send him pictures of the act for money he paid her. In July 2014 he was texting with a woman who had a 13 year old son. Defendant asked her "Would you let your son watch while you suck me?" He offered to pay her money for sex with her and her cousin, offering $500. In April 2014 he was texting with a woman named Amanda who had a four year old daughter; Defendant asked her if she would have sex with him with her daughter watching, and offered her a week's pay. In June 2014 Defendant was texting with a woman who had a teenage son. Defendant wanted to see her masturbate her son, and then told her what he would do to her if she would let the boy watch them together. Between January and May 2015, Defendant was texting with a woman named Jennifer who had two teenage sons, ages 14 and 16. Defendant asked her if she would have sex with her sons and offered to pay her $800 for her to have sex with her 16 year old and allow him to see it. Then Defendant raised his offer to $1200. Defendant did not hear from Jennifer, and re-contacted her. She then sent him a text saying that her 16 year old was in a car accident and died, sending Defendant a link to the funeral home with the cost of the funeral. Two weeks later Defendant sent her a text asking her to molest the surviving 14 year old brother for money and giving her specific details of what he would like to see her do to him.

The Government's search warrant also returned images from Defendant's phone and computer. These images consisted of several images of adult incest, one image of a grandfather and granddaughter engaged in acts of incest, and several images of bestiality. The search terms used were "bestiality", and "mother/son", mom/daughter" , motherless.com – go ahead she's not looking" . There were no images of child pornography *per se*.

Defendant submitted to an initial psychological forensic examination by Dennis P. Sugrue, Ph.D. Dr. Sugrue was clear that he had not reviewed any of the discovery described above when formulating his conclusions, and reserved the right to change his opinions upon having that information made available to him. Dr. Sugrue understands that Defendant is charged with negotiating by means of telephone and texting a commercial sexual transaction with a federal confidential informant and her 6 year old daughter and was arrested at a local motel upon arriving at the prearranged rendezvous with the CI. What significant in Dr. Sugrue's report is his conclusion that Defendant engaged in a pattern of under-reporting throughout the testing/interviewing process, that Defendant was defensive and attempted to present himself in a (falsely) favorable light. Many of Defendant's answers were therefore skewed and inconsistent as he attempted to avoid presenting as a sexual predator. Dr. Sugrue concludes that Defendant acted on deviant sexual interests that have fascinated him for a number of years, specifically erotic behavior that breaks social taboos, and especially the incest and bestiality taboos.

Defendant argues for a bond, stating that he is not a risk of flight, that he has strong family support, no criminal history, that he is employed, well educated, and that he is not a danger to the community.

The Government argues for detention, stressing that Defendant is a danger to the community and that he preys upon vulnerable women and their children to satisfy his needs for acts deviant sexual gratification.

Pretrial Services has interviewed the Defendant and concludes that he poses a risk of danger and recommends detention.

This Court has reviewed the relevant statutory factors set forth in 18 USC 3142 (g) and finds that Defendant does pose a danger to the community, and that there is no condition or combination of conditions that would assure the safety of the community. The Court finds that there is clear and convincing evidence that Defendant is a sexual predator who has induced and paid a mother to sexually molest her child and send him images of this act to satisfy his own prurient incest fetish. He has had a life- long interest in deviant sexual acts that involve children and their families, as well as children and animals, and adults and animals, and in this case the evidence is strong that he acted on that deviant interest. He has a long history of attempting to lure and victimize children by appealing to their impoverished mothers' need for cash money for his own sexual gratification.

The presumption of detention has not been rebutted.

Detention is Ordered.